IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BENITO CASILLAS DAVILA, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-585-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     RESPONDENT. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Benito Casillas Davila, TDCJ-ID #536242, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Teague, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. PROCEDURAL HISTORY

Davila is serving a twenty-year sentence for a 1989 conviction in cause number 9280 for aggravated robbery in the 271st Judicial District Court of Wise County, Texas. *Ex parte Davila*, State Habeas Application No. 46,708-01, at 36. In 1993 Davila was released on parole, however his parole was revoked on April 22, 1999, by the Texas Board of Pardons and Paroles (the Board). (Resp't Preliminary Resp., Exhibits A & B.) Davila has filed three state habeas applications challenging the revocation proceedings. The first, filed on July 10, 2000, was dismissed by the Texas Court of Criminal Appeals pursuant to § 501.0081(b) of the Texas Government Code. *Id* at cover. The second and third, filed on June 11, 2001, and June 20, 2007, were denied without written order by the Texas Court of Criminal Appeals. *Ex parte Davila*, State Habeas Application Nos. 46,708-02 & WR-46,708-03, at cover, 3. Davila filed this federal petition on September 13, 2007.[1] As ordered, Quarterman has filed a preliminary response addressing only the issue of limitations, to which Davila filed a reply.

D. ISSUES

In one ground, Davila claims his parole was revoked on false charges presenting a due process violation. (Petition at 7.)

E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of this case, subsection (D) governs when the limitations period began to run, namely, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claim(s). Davila's claim regarding his parole revocation was known, or could have been discovered through due diligence, on the date his parole was revoked or shortly thereafter. Accordingly, Davila knew or should have known of the factual basis for his claim on

3

April 22, 1999, the date his parole was revoked.[2] He had one year thereafter, or until April 22, 2000, within which to timely raise his claim in a federal habeas petition, subject to any applicable tolling.

Davila's state habeas applications filed after the limitations period had already expired do not entitle him to statutory tolling under § 2244(d)(2). Nor has Davila demonstrated that he is entitled to equitable tolling. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Davila has not pursued federal relief diligently or presented sufficiently rare and exceptional circumstances justifying application of the doctrine here.

Absent any applicable tolling, Davila's federal petition was due on or before April 22, 2000. Therefore, his petition filed over seven years later on September 13, 2007, is untimely.

## II. RECOMMENDATION

Davila's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

---

[2]The parties have not filed a record of the parole revocation proceedings. Davila indicates in his petition that the date and location of his parole revocation occurred in May of 1999 in Wise County. (Petition at 5.) Because Davila does not provide a specific date, the Court relies upon the date the Board issued its "Proclamation of Revocation and Warrant of Arrest," on April 22, 1999. (Resp't Preliminary Resp., Exhibit B.)

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 23, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 23, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 2, 2008.

   /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE