IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| BENITO CASILLAS DAVILA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-585-A |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Benito Casillas Davila ("Davila") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On January 2, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by January 23, 2008. Davila timely filed written objections to which Director has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u>

determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Davila filed his federal petition for writ of habeas corpus in this court on September 17, 2007, pursuant to 28 U.S.C. § 2254. The magistrate judge found that the applicable statute of limitations ran on Davila's petition on April 22, 2000 and thus his petition should be dismissed as time-barred. Davila, in turn, makes one objection to this conclusion. He argues that his petition should not be time-barred because the statute of limitations under § 2244(d)(1) do not apply to his petition. He maintains that because he is in custody following a revocation of parole, § 2244(d)(1), which applies to "a person in custody pursuant to the judgment of a State court", is not applicable to him because he is not in custody pursuant to a state court judgment. Davila's argument is misplaced. Section 2244(d) does apply to habeas corpus petitions challenging revocation of parole. See Willaims v. Johnson, 253 F.3d 706 (5th Cir. 2001); Alexander v. Johnson, 163 F.3d 906, 907 (5th Cir. 1998).

Although Davila was taken back into custody following the revocation of his parole, he is still in custody <u>pursuant to</u> the state court's original judgment. Consequently, Davlia's objection to the magistrate judge's conclusion is without merit.

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, dismissed with prejudice as time-barred.

SIGNED January 25, 2008.

_____
JOHN McBRYDE
United States District Judge